LAW OFFICES OF CARL M. VARADY

Carl M. Varady
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawaii 96813
Telephone (808) 523-8447
Facsimile (808) 523-8448
e-mail: carl@varadylaw.com

Frederick J. Daley, Jr.
*Admitted pro hac vice*
Daley, DeBofsky & Bryant
1 N. La Salle St., Suite 3800
Chicago, Illinois 60602
Telephone: (312) 372-5200
Facsimile: (312) 372-2778

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JARGELINE MORRIS, | ) | CV 04-00517 ACK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | United States Magistrate Judge |
| | ) | Barry M. Kurren |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## I. AUTHORITY FOR FEE AWARD

Plaintiff successfully challenged the Defendant Commissioner's decision denying her application for disability benefits under the Social Security Act. After Plaintiff's case was fully briefed, this Court issued a final judgment under Fed. R. Civ. Pro. 58 reversing and remanding the agency's final decision. Plaintiff filed her petition for Attorneys' Fees under the Equal Access to Justice Act on October 31, 2005, and the Commissioner filed her brief in opposition on December 9, 2005.

## II. FACTS

This motion seeks an award of fees and costs in the amount of $10,322.94, including fees and costs for litigating this motion. The Commissioner does not contest that EAJA fees should be awarded, and does not contest the hourly rates for either attorneys or law clerks/paralegals.

## III. ARGUMENT

The Commissioner does not dispute that attorneys' fees should be awarded pursuant to the EAJA, nor does she contest the hourly rates for either attorneys or law clerks/paralegals; therefore, the only issue in this litigation is whether Plaintiff should receive compensation for all hours spent in litigating this matter. Because the hours expended by Plaintiff in

litigating this matter are reasonable under this Court's standards and under the circumstances of this case, a full award of EAJA fees is merited.

### A. The Commissioner Cites One Case to Establish a Standard for Hours Spent in Social Security Litigation; However, She Neglects to Cite the Only EAJA Case Decided by This Court, Approving 110.28 Attorney and Paralegal Hours.

First, the Commissioner states that "when compared to the case law as to reasonable hours, Mr. Daley's law firm's claimed hours are somewhat disproportionate." (Def. Br. 3). However, the Commissioner only cites one case, *Vanover v. Chater*, 946 F. Supp. 744 (E.D. Missouri 1996) as evidence of such case law. *Id.* While the Commissioner relies on one case from Missouri in support of her argument, she fails to cite the *only* EAJA decision addressing this issue from this Court. In *Stewart v. Sullivan*, the plaintiff sought – and was awarded in full – fees for 96.98 hours of attorney time and 13.3 hours of paralegal time. 810 F. Supp. 1102, 1106-07 (D. Haw. 1993). The *Stewart* court is the local standard on which this Court should rely, rather than one randomly selected case from a different district.

The *Stewart* court noted that "this case was more complex than and required more time than a run-of-the-mill social security case[,]" the case at bar is not a run-of-the-mill social security case. The instant case

3

involved the development of three separate arguments alleging error; the opening brief was 29 pages long and the reply was 13 pages long.

Instead of addressing the only ruling on this issue in the District of Hawai`i, the Commissioner simply ignored *Stewart*, because the analysis fully supports Plaintiff's motion. If a total of 110.28 hours is acceptable for a fully briefed case in *Stewart*, the Commissioner has not explained why the 87.15 total hours, also for a fully briefed case, is excessive. In *Vanover*, the court made a case-specific finding about the circumstances which made the number of hours excessive. 946 F. Supp. at 746. Specifically, the court found that the length and content of counsel's brief and the lack of novel legal issues rendered the request for compensation for 42.00 hours of work excessive. While the Commissioner asserts that this Court should adopt the standard in *Vanover*, it is unknown what the page limits were for the Eastern District of Missouri in 1996, or whether tables of contents or authorities were required. Indeed, it is not even clear whether the plaintiff was permitted to submit a reply brief in *Vanover*, or only an opening brief, or the length of the record for that case.

In addition to noting the standard in that judicial district, the *Vanover* court also noted several specific items which it held to be

excessive (such as preparing and sending an entry of appearance to the clerk). *Vanover*, 946 F. Supp. at 746. It is notable that in *Vanover* the district court looked to other similar cases within the district, from which it discerned what it felt was a reasonable fee. 946 F. Supp. at 746. Here, the Commissioner attempts to do the opposite in citing a case from Missouri to establish the standard for Hawai`i. The proper standard for this case litigated in Hawai`i is *Stewart*. In looking to other jurisdictions, the Commissioner overlooks numerous cases favorable to Plaintiff, analyzing the number of hours expended for reasonableness. Due to the scarcity of Social Security attorneys in Hawai`i, local counsel with sufficient skill to pursue Social Security appeals, Plaintiff's local counsel associated with out of state counsel for this appeal.[1] Other cases disregarded by the Commissioner note that there is a dearth of qualified attorneys to pursue

---

[1] This shortfall is evidenced not only in statements made by this Court, but also in the dearth of published or unpublished decisions from this Court in Social Security appeals. *See Stewart v. Sullivan*, 810 F. Supp. 1102, 1008 (D. Haw. 1998) (finding that in 1998 the Hawaii Lawyer Referral Service only listed five lawyers who accepted Social Security cases, and noting that "there have been very few cases before the court challenging the denial of [Social Security disability] benefits"). Indeed, as of 2004, only seven attorneys (including counsel) are listed at the Hawaii Lawyer Referral Service as accepting Social Security cases, and only three Social Security decisions from the District Court of Hawaii related to the appeal of an administrative denial of benefits are published on Lexis. *Slocum v. Califano*, 1979 U.S. Dist. LEXIS 10165 (D. Haw., Aug. 27, 1979); *Hunt v. Weinberger*, 370 F. Supp. 245 (D. Haw. 1974); *Coyle v. Gardner*, 298 F. Supp. 609 (D. Haw. 1969); *see also, Stewart v. Sullivan*, 810 F. Supp. 1102 (D. Haw. 1993) (EAJA fee decision referring to an unpublished order).

such appeals. In the Seventh Circuit, one district court has noted that, "In the court's experience with Social Security disability cases, attorneys for claimants too often do not do *enough* careful pre-complaint analysis and do not devote *enough* time focused on judicial review and the deferential standards that apply to it." *Mikesell v. Barnhart*, 2004 U.S. Dist. LEXIS 4044, *8-*9 (N.D. Ind., Feb. 4, 2004) (emphasis original). Recent fee awards from district courts within the Seventh Circuit establish that 87.15 total attorney and paralegal hours is reasonable. *Lechner v. Barnhart*, 330 F. Supp. 2d 1005, 1013 (E.D. Wis. 2004) (38.9 attorney hours for district court litigation were reasonable); *Wirth v. Barnhart*, 325 F. Supp. 2d 911, 919 (E.D. Wis. 2004) (66.9 attorney hours for district court and EAJA litigation were reasonable); *Taylor v. Barnhart*, 2004 U.S. Dist. LEXIS 8689, *7 (N.D. Ill., May 14, 2004) (51 attorney hours and 1 paralegal hour were reasonable); *Samuel v. Barnhart*, 316 F. Supp. 2d 768, 783 (E.D. Wis. 2004) (61.05 attorney and paralegal hours for district court and EAJA litigation were reasonable); *Rohan v. Barnhart*, 306 F. Supp. 2d 756, 774 (N.D. Ill. 2004) (fees and costs, including 43.4 attorney and paralegal hours were "more than reasonable"); *Holland v. Barnhart*, 2004 U.S. Dist. LEXIS 1364, *8 (N.D. Ill., Feb. 3, 2004) (56.35 attorney and paralegal hours for

district court and EAJA litigation were reasonable); *Elster v. Barnhart*, 2003 U.S. Dist. LEXIS 13117, *8 (N.D. Ill., July 29, 2003) (55 attorney hours for district court and EAJA litigation were reasonable); *Willis v. Barnhart*, 2002 U.S. Dist. LEXIS 23984, *10-*11 (N.D. Ill., Dec. 11, 2002) (56.25 attorney hours reasonable); *Coder v. Massanari*, 2001 U.S. Dist. LEXIS 18067, *15 n2 (N.D. Ill., Nov. 1, 2001) (52.5 attorney hours reasonable for district court litigation); *Rice v. Apfel*, 16 F. Supp. 2d 971, 975 (N.D. Ill. 1998) (62.84 attorney hours for district court litigation were reasonable). The time expended in this case, 24.6 attorney hours 62.55 law clerk/paralegal hours, therefore, is consistent with time found reasonable in other cases to which the Commissioner has not referred the Court. There are numerous EAJA cases across the country, some supporting Defendant's assertions, and others supporting Plaintiff's. The relevant standard is that in the District of Hawai'i, which has previously found 110.28 attorney and paralegal hours to be reasonable. *Stewart*, 810 F. Supp. at 1106-07.

The logic used in *Williams v. Bowen* is relevant to this case:

Williams' attorney, Frederick J. Daley, claims fees for 36.25 hours.... I find that the time spent was not excessive. While the number of hours may have been somewhat on the high side, the Secretary does not offer any objective standard of comparison. The end product reflects careful preparation.... As every lawyer

knows, the final brief often does not reflect all of the materials and sources consulted.

1988 U.S. Dist. LEXIS 13240, *2-*3 (N.D. Ill., Nov. 17, 1988). Twenty-seven years later, the Commissioner still cannot offer any "objective standard of comparison." The essential focus of the EAJA fee determination is on the case immediately before the court, and the circumstances of that case. As the widely varying determinations of what is reasonable demonstrate, there is no standard that can be applied out of context.

### B. Absent Evidence of "Padding" of Hours, This Court Does Not Need To Examine Plaintiff's Billing Records in Minute Detail; Furthermore, the Commissioner Only Objects to a Total of 5.65 Hours.

This Court does not need to examine the billing records in minute detail, assessing whether or not a specific task could have been performed more speedily, as the Commissioner desires. "Absent any evidence of obvious 'padding' of hours that would lead the court to doubt the credibility of plaintiff's application, the court will not conduct a line by line evaluation of the application." *Stewart*, 810 F. Supp. at 1107. Because the Commissioner cites to no evidence of "padding" of hours, this Court does not need to undertake a line by line evaluation of the time billed.

The Commissioner cites very few allegedly unnecessary time entries, for a total of 5.65 hours. (Def. Br. 4). However, the Commissioner then asks that this court reduce the number of hours to "40 hours." (Def. Br. 4). Not only is the Commissioner's request unsupported, it is also irrational. The Commissioner's proposed reduction would result in Plaintiff being compensated for less than half of the time spent litigating this matter, which was convincingly won. It is not clear how the Commissioner's objection to 5.65 hours translates into a 55% reduction in time. Furthermore, the Commissioner requests that this court award compensation for 40 hours of work, yet does not specify at what rate. In her petition, Plaintiff divided attorney time from law clerk/paralegal time, separately itemizing the hourly rate and number of hours. But the Commissioner makes no such distinction in requesting that 40 hours be awarded. The Commissioner certainly is not proposing that all of the 40 hours she suggests be awarded at law clerk/paralegal rates, as an attorney must actively supervise the work of support staff. Therefore, it appears that the Commissioner is asking this Court to redo Plaintiff's billing statement, and determine exactly how much time each attorney and paralegal should have spent on this matter, which is contrary to the prior holding of this Court and is an undue burden.

The Commissioner asserts that the objectionable 5.65 hours were "clerical, unnecessary, or duplicative." (Def. Br. 3). The 2.25 hours spent by a paralegal in June 2005 are not objectionable. *Id.* All courts require specific formatting, including proper margins, headers, fonts, and other specifics. An attorney is responsible for confirming that the document meets the local requirements, and as such, formatting a document is a necessary task. Furthermore, the local rules require a table of contents and table of authorities. Formatting and editing such tables is time consuming, and here both the opening brief and the reply brief contained both a table of contents and table of authorities that had to be formatted.

Second, the Commissioner alleges that one hour to send the client her Federal Court forms for this appeal is too much time because the forms can be computer generated. (Def. Br. 3-4). However, such forms must be explained to the clients, and instructions for the completing the forms must be included. Furthermore, contrary to the Commissioner's assertion, not all forms to initiate a civil action can be computer generated. Summons must be individually completed and all of the documents must be verified for accuracy. Third, the Commissioner objects to 2.5 hours on June 24, 2005. (Def. Br. 4). Although another attorney, Ms. Aloe, added Mr.

Daley's comments, this was time efficient because Ms. Aloe interpreted Mr. Daley's notations and put them into final form. Therefore, using Ms. Aloe to add comments resulted in the most efficient use of time. More importantly, these 2.5 hours were not solely to add comments, rather, the entry states that Ms. Aloe "reviewed" the document and made her own changes. Again, attorneys must supervise law clerks, and this is what Mr. Daley and Ms. Aloe were doing.

The Commissioner also characterizes some of the time as "redundant." (Def. Br. 4). These services were not redundant. Although the attorneys in Chicago have briefed three matters before this Court, each time a case is briefed, the current state of the law must be verified. With the frequency that decisions are issued from the Ninth Circuit, this verification of the current legal standard is critical. An attorney may not simply rely on old briefs drafted several months or years in the past. Therefore, the 1.75 hours criticized by the Commissioner was time reasonably spent in updating and verifying the law in the brief. The Commissioner states that "a practitioner in the Ninth Circuit would not need to do extensive research on subjects so basic..." but 1.75 hours is hardly "extensive" research. Furthermore, the attorneys in this matter have litigated numerous social

security appeals, including two previous cases before this Court, *McKeone v. Barnhart*, Case No. 01-0833 (D. Haw.) and *Dulatre v. Barnhart*, Case No. 03-0653 (D. Haw.). Thus, the time spent on research was for updating their prior research or addressing case-specific issues, as is demonstrated by the relatively short time spent on such tasks. It is also notable that of the three cases counsel has litigated in the District of Hawai`i, counsel has obtained either a voluntary remand from the Commissioner after filing the opening brief, or in this case, a court ordered remand. The Commissioner complains about counsel's work, yet counsel has a 100% success rate to date. Finally, Plaintiff raised three issues in her appeal, and prevailed on two. The final issue was not reached because this Court had already decided the remand was merited. Therefore, the case brought before this Court was sufficiently prepared to merit remand on two issues, and yet sufficiently complex so that the Commissioner did not offer a voluntary remand. These facts support a full award of attorneys' fees.

The Commissioner's argument that the law clerks' hours were excessive fails for a second reason: they are not attorneys. Attorney hours are not equal to law clerk hours. Thus, the sum total of hours for work on a case may be higher when an attorney's work is supplemented by that of a

law clerk, but the expenditure will be less because the hourly rate for a law clerk is lower than that for an attorney. Because the law clerks' hours should not be reduced, as his fees were reasonable and were billed at a lower hourly rate than attorney hours. The 62.55 law clerk hours are not equivalent to the same amount of attorney hours. In *Stewart*, 96.98 attorney hours were billed; this illustrates that the law clerks worked as efficiently as some attorneys, and the time billed is reasonable. Finally, Plaintiff notes that the first law clerk assisting with the opening brief no longer was available when the reply had to be drafted. While it is preferable to use the same law clerk on the opening brief and the reply, on occasion that is not possible as law clerks come and go according to their school schedules.

The Supreme Court has noted that encouraging the use of paralegals that bill at a lower rate than that of an attorney is cost efficient. *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989). This holding in *Jenkins* also recognizes that the use of paralegals and law clerks is a reality in the legal profession, and allows an attorney to better serve his or her clients. Law clerks are college graduates who have already finished at least one year of law school. In this case, the law clerks were highly qualified, one already having received an M.B.A. before starting law school, and the other a

student editor of a law journal and one publication before completing law school. The use of such law clerks allows counsel to work more efficiently while providing clients with a quality work product. This is the most efficient use of time, instead of having a partner whose hourly rate is $400 spend time drafting briefs for $145.01 an hour. Therefore, the use of law clerks in this matter was efficient and necessary, and all time spent by the law clerks and paralegals on this matter should be fully compensated.

### C.  A Full EAJA Fee Award in This Case Would Be Consistent With Congressional Intent.

As Justice O'Connor wrote in *Sullivan v. Hudson*:

In 1980, Congress passed the EAJA in response to its concern that persons 'may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights.' 94 Stat. 2325. As the Senate Report put it: 'For many citizens, the costs of securing vindication of their rights and the inability to recover attorney fees preclude resort to the adjudicatory process...When the cost of contesting a Government order, for example, exceeds the amount at stake, a party has no realistic choice and no effective remedy. In these cases, it is more practical to endure an injustice than to contest it.' S. Rep. No. 96-253, p. 5 (1979).

490 U.S. 877, 883-84 (1989).

The Commissioner does not contest that EAJA fees should be awarded. Awarding a reduced amount of EAJA fees would only further limit accessibility to the courts for social security claimants in this district.

### IV. CONCLUSION

WHEREFORE, Petitioner hereby makes application to the Court for an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the total amount of $10,322.94, which represents 92.8 total hours: 30.25 attorney hours at the EAJA rate of $125.00 plus the COLA, which is $141.66 in 2004 [$247.91]; $145.01/hour in 2005 [$4,132.79]; 62.55 law clerk/paralegal hours for the District Court at $95.00/hour [$5,942.25], which includes an additional 5.65 attorney hours[2] at $145.01/hour for the preparation of this reply.

Dated: Honolulu, Hawaii, December 28, 2005.

_____
CARL M. VARADY
FREDERICK J. DALEY, JR.
*Pro hac vice*

Attorneys for Plaintiff
JARGELINE MORRIS

---

[2] Ms. Aloe spent 5.15 hours drafting this reply on December 21 and 22, 2005, and Mr. Daley spent 0.5 hours reviewing and editing the reply on December 22, 2005.

## CERTIFICATE OF SERVICE

I certify that a copy of the attached document was served by the method and on the date indicated below addressed to:

MAIL          HAND DELIVERY

R. Michael Burke, Esq.          [X]
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, HI 96850

DATED: Honolulu, Hawai'I, December 29 2005.

_____