IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JARGELINE MORRIS, | ) | CIV. NO. 04-00517 ACK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT OF SPECIAL MASTER |
| vs. | ) | RE JARGELINE MORRIS'S |
| | ) | APPLICATION FOR |
| JO ANNE B. BARNHART, | ) | ATTORNEY'S FEES UNDER THE |
| Commissioner of Social Security, | ) | EQUAL ACCESS TO JUSTICE |
| | ) | ACT |
| Defendants. | ) | |
| _____ | ) | |

REPORT OF SPECIAL MASTER RE JARGELINE MORRIS'S APPLICATION
FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Before the Court is Plaintiff Jargeline Morris' ("Plaintiff") Application for Attorney's Fees Under the Equal Access to Justice Act ("Motion"). Pursuant to LR 7.2(d), the Court Finds this matter suitable for disposition without a hearing. After review of the Motion and supporting and opposing memoranda, the Court FINDS that Plaintiff is entitled to an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). Accordingly, the Court RECOMMENDS that Plaintiff's Motion be GRANTED and be awarded attorneys' fees of $7,419.39.

BACKGROUND

On July 1, 2002, Plaintiff filed an application for Social Security Benefits which was later denied. After Plaintiff requested a hearing before an

administrative law judge ("ALJ"), on August 13, 2003, the ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits.  On June 24, 2004, the Appeals Council denied Plaintiff's request to review the ALJ's decision.

On August 23, 2004, Plaintiff filed a Complaint with this Court to seek review, pursuant to 42 U.S.C. § 405(g), of the ALJ's decision.  On August 1, 2005, the Honorable Alan C. Kay reversed and remanded the ALJ's final decision holding that the Social Security Administration Commissioner failed to adequately document substantial evidence to support the denial of disability benefits.

On October 31, 2005, Plaintiff filed the instant Motion seeking attorneys' fees as the prevailing party.  On December 9, 2005, Defendant filed an opposition to the Motion recognizing Plaintiff's status as the prevailing party but disagreeing with the amount of the fees requested.  Finally, on December 29, 2005, Plaintiff filed an untimely reply that the Court will nevertheless consider.

## DISCUSSION

The EAJA provides in pertinent part that:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . . incurred by that party in any civil action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. §  2412(d)(1)(A) (West Supp. 2005).

An award of attorneys' fees under the EAJA must be reasonable. See id. § 2412(d)(2)(A). Because the parties do not dispute that Plaintiff is entitled to attorneys' fees and Defendant does not oppose the requested hourly rate, the Court need only address the reasonableness of Plaintiff's requested hourly amount.

In this case, Plaintiff requests a total amount of $10,322.94 consisting of 92.8 total hours: 30.25 attorney hours at the EAJA rate of $125.00 plus the cost of living allowance, which is $141.66 in 2004 [$247.91] and $145.01 in 2005 [$4,132.79], and 62.55 law clerk/paralegal hours at $95.00/hour [$5,942.25]. Plaintiff claims that 92.8 hours is a reasonable request and relies on Stewart v. Sullivan. 810 F. Supp. 1101, 1107 (D. Haw. 1993) (awarding plaintiff's counsel 110.28 hours for attorneys' fees pursuant to the EAJA).

In Stewart, the Court awarded 110.28 attorneys' fees hours because the case was "more complex than and required more time than a run-of-the-mill social security case." Stewart, 810 F. Supp. at 1107. Stewart however, involved more complex proceedings and issues than the instant case. For instance, Stewart dealt with one additional administrative hearing after the Appeals Council remanded the case back to the ALJ, the plaintiff was old and had multiple impairments, and the case required the use of a vocational expert and references to the Dictionary of Occupational Titles. Id. None of these impairments complicated

3

the case before the Court and thus, Plaintiff's reliance on <u>Stewart</u> is misplaced.

Defendant claims that when compared to case law involving similar issues such as <u>Vanover v. Charter</u>, Plaintiff's request is excessive. 946 F. Supp. 744 (E.D. Mo. 1996) (holding that routine Social Security cases usually require between 15 and 20 hours). Defendant also cites to specific instances where hours should be deducted and concludes that forty hours (thirty hours on the brief, five hours on the reply, and five hours on administrative/coordination functions) would be a reasonable amount of time to spend on this case.

Although the Court finds that reference to other Social Security cases may be helpful, the Court is not bound by these other decisions because of the fact intensive nature of determining the reasonableness of attorneys' fees. Thus, after careful review of the record and the issues presented in this case, the Court finds that a reduction in the amount to be awarded is appropriate. This case did not involve complex issues or lengthy proceedings as to warrant a request for a total of 92.8 hours. Moreover, despite Plaintiff's argument that the use of three different law clerks and mainland counsel in this case was efficient and necessary, any "extra time due to inexperience or lack of familiarity with the law and the particular factual patterns presented by Social Security cases cannot be compensated . . . ." <u>DiGennaro</u>, 666 F. Supp. at 434 (citations omitted). The

Court will allow fees for 25 hours of work by Plaintiff's attorneys and 40 hours of work by the attorneys' law clerks/paralegals.

## CONCLUSION

For the foregoing reasons, the Court hereby FINDS and RECOMMENDS that Plaintiff's Motion for Attorneys' Fees be GRANTED. Plaintiff is entitled to attorneys' fees of $3,619.39 (1.75 hours x $141.66 (2004 rate) + 23.25 hours x $145.01 (2005 rate)) and law clerk/paralegal fees of $3,800.00 (40 hours x $95.00) totaling $7,419.39.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: March 24, 2006

Morris v. Barnhart; Civ. No. 04-00517; REPORT OF SPECIAL MASTER RE JARGELINE MORRIS'S APPLICATION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT.